IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:12-CR-16 |
| RENE CORTEZ SALAZAR, TIMOTHY LEDON BOWEN, and JUAN CARLOS VEGA | § § § § | |

## JURY INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I

explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against the defendants is not evidence of guilt. Indeed, the defendants are presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify at this trial. The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection

and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight

to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that certain witnesses were convicted of various crimes. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## ACCOMPLICE--CO-DEFENDANT--PLEA AGREEMENT

In this case the government called several witnesses who were alleged accomplices, some of whom were named as co-defendants in the second superseding indictment and with whom the government has entered into plea agreements providing for the dismissal of some charges and/or a lesser sentence than the co-defendants would otherwise be exposed to for the offense to which the co-defendants plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## EXPERT WITNESSES

During the trial, you heard the testimony of Mark McDonald, senior forensic chemist with

the Drug Enforcement Administration, Charity Foreman, forensic chemist with the Drug Enforcement Administration, Clay Phelan, forensic chemist with the Drug Enforcement Administration, Nicholas Grizzle, forensic chemist with the Texas Department of Public Safety, Jennifer Rumppe, forensic chemist with the Texas Department of Public Safety, Richard "Drew" Fout, forensic chemist with the Texas Department of Public Safety, and Genevieve Medina, forensic scientist with the Texas Department of Public Safety, who were offered as expert witnesses on the identification of narcotics. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## ON OR ABOUT

You will note that the second superseding indictment charges that the offense was committed from sometime in or about January 2008 and continuously thereafter up to and including April 12, 2012. The government does not have to prove that the crime was committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendants committed the crime on dates reasonably near the dates stated in the second superseding indictment.

## CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the second superseding indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## CAUTION--PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS--SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

## STATEMENT-VOLUNTARINESS
## (MULTIPLE DEFENDANTS)

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of a defendant as the perpetrator of the offense charged, you must find that defendant not guilty.

## SIMILAR ACTS

You have heard evidence of acts of Defendant Timothy Ledon Bowen which may be similar

to those charged in the second superseding indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if Defendant Timothy Ledon Bowen committed the acts charged in the second superseding indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that Defendant Timothy Ledon Bowen did commit the acts charged in the second superseding indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether Defendant Timothy Ledon Bowen had the state of mind or intent necessary to commit the crime charged in the second superseding indictment, or whether Defendant Timothy Ledon Bowen had a motive or the opportunity to commit the acts charged in the second superseding indictment, or whether Defendant Timothy Ledon Bowen acted according to a plan, or whether Defendant Timothy Ledon Bowen committed the acts for which he is on trial by accident or mistake. These are the limited purposes for which any evidence of other similar acts may be considered.

### CAUTIONARY INSTRUCTION DURING TRIAL--
### TRANSCRIPT OF TAPE RECORDED CONVERSATION

Exhibit 53 has been identified as a typewritten transcript and partial translation from Spanish into English of the oral conversation which can be heard on the tape recording received into evidence as Exhibit 52. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, particularly those portions spoken in Spanish, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the

content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## SECOND SUPERSEDING INDICTMENT

In this case, the second superseding indictment charges Defendants RENE CORTEZ SALAZAR, TIMOTHY LEDON BOWEN and JUAN CARLOS VEGA with one offense alleged in one "count." I will not read the second superseding indictment to you at this time because I will give you a copy to take with you to the jury room.

Count 1 of the second superseding indictment charges that Defendants RENE CORTEZ SALAZAR, TIMOTHY LEDON BOWEN and JUAN CARLOS VEGA did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine (actual), a violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.

For you to find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That two or more persons, directly or indirectly, reached an agreement to

|  | knowingly and intentionally possess with the intent to distribute actual methamphetamine or a mixture or substance containing a detectable amount of methamphetamine, as charged in the second superseding indictment; |
|---|---|
| *Second:* | That the defendants knew of the unlawful purpose of the agreement; |
| *Third:* | That the defendants joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and |
| *Fourth:* | That the overall scope of the conspiracy involved a quantity of actual methamphetamine or a mixture or substance containing a detectable amount of methamphetamine as determined by the jury in the "Verdict of the Jury" form. |

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Also, the government need not prove that all of the details of the scheme alleged in the second superseding indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being

committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## POSSESSION

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that a defendant had actual or constructive possession, either alone or jointly with others.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest

in the transaction.

## CONCLUSION

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendants guilty beyond a reasonable doubt .

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back

into the court to answer your message.

If and when you communicate with the court during your deliberations, you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Signed this the 12th day of December, 2012.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:12-CR-16 |
| RENE CORTEZ SALAZAR, TIMOTHY LEDON BOWEN, and JUAN CARLOS VEGA | § § § | |

### VERDICT OF THE JURY

We, the Jury, find as follows:

#### RENE CORTEZ SALAZAR

As to Count 1 of the second superseding indictment, we the Jury find:

**RENE CORTEZ SALAZAR**           _____Guilty           _____ Not Guilty

If you have found Defendant RENE CORTEZ SALAZAR guilty of count 1 of the second superseding indictment, then you must consider the following question. You must determine the quantity range of methamphetamine involved in the conspiracy. Indicate below your unanimous finding beyond a reasonable doubt of the quantity range of methamphetamine, if any, applicable to the overall scope of the conspiracy of which you have found the defendant to be a member and during the time he was a member. A quantity of methamphetamine may only be attributed to the defendant if that quantity was within the scope of the conspiracy after the defendant's entry into the conspiracy.

So, if you found the defendant, RENE CORTEZ SALAZAR, "guilty" of count one of the second superseding indictment, you must answer the following:

Please indicate your finding of the quantity involved in the conspiracy:

_____   500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual)

_____   50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 5 grams or more of methamphetamine (actual)

_____   Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine or less than 5 grams ~~or more~~ of methamphetamine (actual)   *RAS*

## TIMOTHY LEDON BOWEN

As to Count 1 of the second superseding indictment, we the Jury find:

**TIMOTHY LEDON BOWEN**            _____Guilty      _____ Not Guilty

If you have found Defendant TIMOTHY LEDON BOWEN guilty of count 1 of the second superseding indictment, then you must consider the following question. You must determine the quantity range of methamphetamine involved in the conspiracy. Indicate below your unanimous finding beyond a reasonable doubt of the quantity range of methamphetamine, if any, applicable to the overall scope of the conspiracy of which you have found the defendant to be a member and during the time he was a member. A quantity of methamphetamine may only be attributed to the defendant if that quantity was within the scope of the conspiracy after the defendant's entry into the conspiracy.

So, if you found the defendant, TIMOTHY LEDON BOWEN, "guilty" of count one of the second superseding indictment, you must answer the following:

Please indicate your finding of the quantity involved in the conspiracy:

_____   500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual)

| | |
|---|---|
| _____ | 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 5 grams or more of methamphetamine (actual) |
| _____ | Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine or less than 5 grams ~~or more~~ of methamphetamine (actual) |

RAS

## JUAN CARLOS VEGA

As to Count 1 of the second superseding indictment, we the Jury find:

**JUAN CARLOS VEGA** _____Guilty   _____ Not Guilty

If you have found Defendant JUAN CARLOS VEGA guilty of count 1 of the second superseding indictment, then you must consider the following question. You must determine the quantity range of methamphetamine involved in the conspiracy. Indicate below your unanimous finding beyond a reasonable doubt of the quantity range of methamphetamine, if any, applicable to the overall scope of the conspiracy of which you have found the defendant to be a member and during the time he was a member. A quantity of methamphetamine may only be attributed to the defendant if that quantity was within the scope of the conspiracy after the defendant's entry into the conspiracy.

So, if you found the defendant, JUAN CARLOS VEGA, "guilty" of count one of the second superseding indictment, you must answer the following:

Please indicate your finding of the quantity involved in the conspiracy:

| | |
|---|---|
| _____ | 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) |
| _____ | 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 5 grams or more of methamphetamine (actual) |
| _____ | Less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine or less than 5 grams ~~or more~~ of methamphetamine (actual) |

RAS

Date: _____                             _____
                                                                    Foreperson